Dawson v. Dawson.

---

## John Dawson
### v.
## Jane Dawson.

Chancery—The same equitable rules applied by the Supreme Court in case of the former appeal (Dawson v. Dawson, 110 Ill. 279) apply as well to the order in this case.

Appeal from the Circuit Court of Cook county; the Hon. Murray F. Tuley, Judge, presiding. Opinion filed February 10, 1885.

Mr. M. R. Freshwaters, for appellant; cited Newman v Newman, 69 Ill. 167.

Mr. FRANK A. JOHNSON, for appellee.

BAILEY, J.   Jane Dawson having previously obtained a decree against her husband, John Dawson, for a divorce, and for the payment to her of $150 per month for her alimony and the maintenance of her children, filed a petition for an increase of her alimony, and the court, on said petition, entered an order requiring the defendant to pay the petitioner $175 instead of $150 per month, together with the costs of the proceeding; and also to pay her solicitor $200 for his services in the matter of the petition.   From this order the defendant appealed to this court.

The appeal having been perfected, the petitioner filed a further petition for an order requiring the defendant to pay her solicitor's fees and other necessary expenses to be incurred in defending the appeal, and upon that petition the court entered an order requiring the defendant to pay the petitioner $30 to defray the expense of printing briefs, etc., and also to pay her solicitor the further sum of $150.   From this latter order the defendant has prosecuted the present appeal.

The former of these orders being affirmed by this court the case was taken to the Supreme Court where, after full consideration, it was held that there was no sufficient reason for filing the petition, and that, under the circumstances, the petitioner should pay her own solicitor's fees and the costs of the proceeding.   It was thereupon ordered that the decree increasing the amount of alimony and directing the payment of $200 to the solicitor be reversed.   Dawson v. Dawson, 110 Ill. 279.

It is clear that the same equitable rules applied by the Supreme Court in case of the former appeal, apply as well to the order now under consideration.   If there was no reason for filing the former petition, the present one is equally without merit.   The decree will, therefore, be reversed at the costs of the petitioner.

Decree reversed.